In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00432-CR
_____


RAYMOND YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 92153

_____

**MEMORANDUM OPINION**

Raymond Young appeals from the trial court's decision denying his motions for appointment of counsel and post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. arts. 64.01-.05 (West 2006 & Supp. 2017). The trial court denied both motions in a single order, and Young challenged the trial court's order by filing an appeal.

1

After Young filed a notice of appeal, the court appointed an attorney to represent Young in his appeal. Subsequently, Young's court-appointed attorney filed an *Anders* brief. *See Anders v. California,* 386 U.S. 738 (1967); *High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief filed by Young's attorney represents that he reviewed the trial court's file, the transcript from Young's trial, the briefs filed in Young's direct appeal, this Court's opinion in Young's direct appeal, Young's pro-se motion for post-conviction DNA testing, the State's response, and the trial court's order denying Young's motions. The brief concludes by stating "there are no meritorious issues for appeal pertaining to Mr. Young's motions to the [trial court] for forensic DNA testing[.]"

The record before us in Young's appeal shows that a jury convicted Young of murdering Sheila Davis and then assessed his sentence at life in prison. *See* Tex. Penal Code Ann. § 19.02 (West 2011). After he was convicted, Young filed a direct appeal and challenged the judgment convicting him of murder. In 2009, the Court affirmed Young's conviction and sentence. *See Young v. State,* No. 09-08-164-CR, 2009 WL 3295763 (Tex. App.—Beaumont Oct. 14, 2009, pet. ref'd).

In June 2016, Young filed a pro se post-conviction motion for forensic DNA testing and retesting of the evidence gathered by the police during the investigation of his case, and a motion asking that the trial court appoint counsel to represent him

2

on his post-conviction motion. *See* Tex. Code Crim. Proc. Ann. arts. 64.01-.05. In its written response to Young's motions, the State represented that nine of the items[1] that Young wanted to have tested or retested for DNA were still available, but that a tenth item he wanted tested was not.

In November 2016, in a single order, the trial court denied both of Young's post-conviction motions. The order denying Young's motions states that, after considering Young's motions, the State's response, the trial court's file from Young's conviction for murder, and this Court's opinion in Young's direct appeal, Young "failed to establish, by a preponderance of the evidence," that "he would not have been convicted of the underlying offense had any exculpatory results [that might have been] generated by the proposed testing been available [to him] at the time of his trial." *See id.* art. 64.03.

The brief that Young's court-appointed attorney filed in connection with Young's appeal of the order denying his post-conviction motions presents counsel's professional evaluation of the record. The brief filed by Young's court-appointed attorney in his appeal concludes that "there are no meritorious claims for appeal."

---

[1] The State represented that nine of the items on the list in Young's motion were still available for testing, but that one item, the liquid that police found inside a beer can, was not.

After receiving the *Anders* brief filed by Young's court-appointed counsel, we gave Young additional time to review the record and an opportunity to file a pro se response. Subsequently, Young responded to our notice. In his brief, Young argues that he presented the trial court with everything needed to satisfy his burden to establish each of the elements that are in article 64.03 of the Code of Criminal Procedure, that his identity was at issue when his case was tried, and that the results of the DNA tests that he wants to have performed on the various materials that he identified in his motion would be exculpatory because no witnesses in his trial testified that they saw Young fire the shotgun that was used to kill Sheila Davis. *Id.*

The Court of Criminal Appeals has held that when faced with an *Anders* brief, the appellate courts need not address the merits of the issues raised in a pro se response. *Bledsoe v. State,* 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Instead, an appellate court may determine either "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[,]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have independently examined the clerk's record, and we agree that no arguable errors exist that would support a decision reversing the trial court's order denying Young's post-conviction motion to appoint counsel to represent him or his

4

post-conviction motion requesting further DNA testing. *See id.* We further conclude that Young's appeal is frivolous. *See Anders,* 386 U.S. at 743. Therefore, we need not order the appointment of new counsel to re-brief Young's appeal. *Cf. Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring the court of appeals to appoint other counsel only if it determines that there are arguable grounds to support the appeal). Given our conclusion that no arguable errors exist to support Young's appeal, the trial court's judgment is affirmed.[2]

 AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on February 8, 2018
Opinion Delivered February 28, 2018
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

[2] Young may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.